UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALADEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of the ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CV 07-5333 PJW <br><br> MEMORANDUM OPINION AND ORDER |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for disability insurance benefits and supplemental security income. For the reasons discussed below, the Agency's decision is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Plaintiff filed applications for disability insurance benefits and supplemental security income on January 21, 2005, alleging that he had been disabled since December 26, 2003. (Administrative Record ("AR") 55-59, 224-25.) After his applications were denied initially and on rehearing, he requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 29-33, 35-40, 41.) Plaintiff

appeared with counsel at the hearing on January 18, 2007.  (AR 230-50.)  On February 7, 2007, the ALJ issued an opinion denying the application.  (AR 16-23.)  Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review.  (AR 5-9, 12, 228-29.)  Plaintiff then commenced this action.

Plaintiff raises two claims of error.  He argues first that the ALJ failed to fully and fairly develop the record with respect to his mental impairment.  (Joint Stip. at 4-7.)  He argues second that the ALJ erred in concluding that Plaintiff was not credible.  (Joint Stip. at 10-11.)  For the reasons explained below, the Court concludes that the ALJ did not err when he failed to develop the record regarding Plaintiff's alleged mental impairment but did err in his credibility assessment.

Plaintiff points out that he was diagnosed with schizophrenia and assigned a Global Assessment of Functioning ("GAF") score of 40 in July 2006.  (Joint Stip. at 5.)  In Plaintiff's view, this imposed a heightened duty on the ALJ to develop the record, which, he believes, the ALJ failed to do.  (Joint Stip. at 5.)  For the following reasons, the Court disagrees.

The ALJ has an "independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even when the claimant is represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an

appropriate inquiry.'"  *Id.*  Where the claimant may be mentally ill, the ALJ's duty to fully develop the record is "heightened." *Id.* (citing *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir. 1992)).

In his decision, the ALJ noted that Plaintiff had been treated at the Northeast Mental Health Center from April 2005 to July 2006, and was diagnosed with schizophrenia in July 2006.  (AR 21.)  The ALJ rejected that diagnosis and an accompanying GAF score of 40, however, on the ground that it was based solely on Plaintiff's own report of his mental illness.  (AR 21.)  Plaintiff claims that this was error.

A review of the record demonstrates that the diagnosis and GAF score, which the ALJ wrongly ascribed to a physician, were made by a social worker.  (AR 175.)  Moreover, as the Appeals Council noted, the social worker's diagnosis, which was dated July 18, 2006, stated that Plaintiff had not been heard from since April 20, 2006.  (AR 6, 175.)  Thus, the social worker's assessment could not have been based on Plaintiff's current condition because the social worker had no way of knowing what it was.

While a social worker's opinion may provide insight into the severity of an impairment, such an opinion cannot establish the existence of a medically determinable impairment.  *See* Social Security Ruling 06-03p (noting that licensed clinical social workers are not "acceptable medical sources" under 20 C.F.R. §§ 404.1513(a)(1)-(5)). As a result, the ALJ is not obligated to place any weight on the opinion of a social worker.  *See Bunnell v. Sullivan*, 912 F.2d 1149, 1152-53 (9th Cir. 1990) ("[T]here is no requirement that the [Agency] accept or specifically refute such evidence" from a non-medical source), *rev'd on other grounds*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc).  Because the opinion in this case was formulated by a social

3

1 worker and because there was no factual basis to support it, the ALJ
2 was not required to rely on it in reaching his decision.
3     The Court also finds that the ALJ's finding that no treating
4 source had diagnosed Plaintiff with "any functionally restrictive
5 . . . mental impairment," (AR 21), was supported by substantial
6 evidence.  In an undated evaluation, Plaintiff's treating physician at
7 the Northeast Mental Health Center later changed the social worker's
8 initial diagnosis of schizophrenia to depression.  (AR 218-19.)  The
9 record reveals that no physician diagnosed Plaintiff with
10 schizophrenia or made any findings that Plaintiff was functionally
11 limited by his depression.  His treating physician noted between May
12 12, 2005 and March 23, 2006, that Plaintiff remained stable; that he
13 was compliant with treatment; that he suffered no side effects from
14 medication; that the medication had a positive effect; and that his
15 level of functioning was "fair."  (AR 184-94.)
16     At the administrative hearing on January 18, 2007, neither
17 Plaintiff nor his counsel raised the issue of schizophrenia.
18 Plaintiff testified that he suffered from depression, that he
19 sometimes had crying spells, and that he had considered suicide in the
20 past, but he had never attempted it.  (AR 241.)  He also testified
21 that he had stopped going to Northeast Mental Health Center because
22 "they were just giving me pills to help me sleep."  (AR 244.)
23     The ALJ did not err by not further developing the record in this
24 case.  The record was neither ambiguous nor inadequate, nor did the
25 ALJ rely on testimony that was itself based on ambiguous or inadequate
26 evidence.  For that reason, this claim is rejected.
27
28

4

1   Plaintiff next argues that the ALJ failed to provide clear and
2  convincing reasons for finding him not credible.  (Joint Stip. at 10-
3  11.)  For the following reasons, the Court agrees.
4   In the forms he filled out and submitted to the Agency before the
5  administrative hearing, Plaintiff alleged that he could not stand for
6  a long time and that it hurt when he stood or tried to do anything.
7  (AR 103.)  Plaintiff further claimed that he could not do any
8  household chores, and that all he could do was watch television.  (AR
9  103, 105.)  He alleged that he could not walk for more than five
10 minutes without resting, that he could pay attention for no more than
11 five or ten seconds at a time, and that he could not handle stress or
12 changes in routine.  (AR 106-07.)  Plaintiff complained that he felt
13 pain all day long in his head and that medication did not relieve the
14 pain.  (AR 109.)  With respect to daily activities, Plaintiff alleged
15 that, when he stood, his ear and head would hurt and he would get
16 dizzy and short of breath.  (AR 112.)  Plaintiff claimed that the most
17 he could lift was a toothbrush and eating utensils.  (AR 113.)
18 Plaintiff also alleged that he took three or four naps each day.  (AR
19 114.)
20   Plaintiff's allegations at the administrative hearing were
21 somewhat different.  There, he testified that he developed "real bad
22 ringing" in his ear as a result of a bike accident.  (AR 234.)
23 According to Plaintiff, the ringing prevented him from sleeping and
24 caused him balance problems.  (AR 236-37.)  When he got up, he
25 suffered from "very violent head rushes"--which caused him to stagger
26 around a lot--and dizziness.  (AR 238.)
27   In his decision, the ALJ determined that Plaintiff's claims
28 regarding his condition were not entirely credible.  (AR 21.)  This

5

finding was based on the fact that Plaintiff had not shown why he could not perform normal daily activities; that there was no evidence that Plaintiff's medications were ineffective, or caused disabling side effects; and that Plaintiff watched television, cooked, and did light housecleaning chores. (AR 22.)

An ALJ must undertake a two-step analysis when considering a claimant's subjective symptom testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1281-82). He must first decide whether the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged. *Id.* If the claimant has met this threshold and there is no evidence of malingering, then the ALJ can only reject the claimant's pain testimony for specific, clear, and convincing reasons for doing so. *Id.*

The ALJ found that Plaintiff's impairments (hearing and equilibrium loss and dizzy spells) were severe, which caused loss of focus, blackouts, and headaches. (AR 23, 77.) The ALJ did not find that Plaintiff was a malingerer. Thus, he needed to provide specific, clear, and convincing reasons if he chose to reject Plaintiff's testimony. *Tommasetti*, 533 F.3d at 1039. In evaluating Plaintiff's credibility, the ALJ was free to consider many factors, including "ordinary techniques of credibility evaluation[,]. . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, . . . and the claimant's daily activities." *Tommasetti*, 533 F.3d at 1039 (quoting *Smolen*, 80 F.3d at 1284).

Here, none of the three reasons given by the ALJ for rejecting Plaintiff's testimony was adequate. The ALJ's first reason was that

Plaintiff had "failed to show any condition[ ] which would prevent him from going outside and performing virtually all of his normal daily activities." (AR 21.)  Because the ALJ had implicitly accepted the existence of an impairment that might produce the symptoms alleged, however, he could not reject Plaintiff's allegations of pain solely on the basis that they were unsupported by the medical evidence.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (noting that the ALJ's justification for rejecting the claimant's testimony-- i.e., that it was not consistent with or supported by the overall medical evidence of record--was "exactly the type we have previously recognized the regulations prohibit") (citing SSR 96-7p; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).  Here, Plaintiff alleged that he suffered from equilibrium loss, dizzy spells, blackouts, and headaches, conditions which could reasonably produce the limitations complained of.  Thus, this justification for discounting Plaintiff's credibility is rejected.

The ALJ's second reason for questioning Plaintiff's credibility was that there were no "indications that his medications are ineffective (assuming that he takes them as and when prescribed), or that they cause any disabling side effects." (AR 22.)  The Court is not convinced that this reason is clear and convincing.  Plaintiff takes a lot of medication. (AR 114.)  Some of it is for his psychiatric problems, (AR 214), and some of it is for his physical problems. (AR 123.)  It is not clear what the medicines he takes for his physical ailments are supposed to do.  In Plaintiff's view, they are intended to help him sleep and do not directly alleviate the pain in his head and the ringing in his ears, except that they allow him to sleep and he does not hear the ringing or feel the pain when he is

sleeping.  (AR 109.)  Plaintiff stated in a submission to the Agency that the medicine does not relieve his pain.  (AR 109.)  The ALJ failed to discuss this.  Assuming that the medications are intended to relieve Plaintiff's pain, Plaintiff's statement that they do not do so contradicts the ALJ's finding that there is no evidence that the medications are ineffective.  Further, if these medications are only effective when Plaintiff is sleeping, they would preclude him from working because he is unable to work when he is sleeping.  On remand, the ALJ should elaborate on what medications are intended to alleviate Plaintiff's pain and other symptoms and what evidence there is that they are working.

The third reason cited by the ALJ for discounting Plaintiff's testimony was that Plaintiff "indicated he watches some television, cooks and does light housecleaning chores." (AR 22.)  This reason is not supported by substantial evidence, either.  Regarding household chores, Plaintiff testified that he "[j]ust help[s] my mom around the house here and there, taking it slow, not making my head get any worse."  (AR 242.)  He also testified that he "pick[s] up the yard here and there, but, you know, not too much."  (AR 242.)  Plaintiff testified that his mother did "most of the cooking" and "all of the shopping," and that she "takes care of everything."  (AR 243.)  This level of activity would not seem to be enough to conclude that Plaintiff could work a full time job, or that his claims that he could not are false.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (holding daily activities may be ground for adverse credibility finding "if claimant is able to spend a substantial part of his day

1  engaged in pursuits involving the performance of physical functions
2  that are transferable to a work setting.")  For these reasons, this
3  justification for discounting Plaintiff's testimony is also rejected.
4      Because the ALJ's credibility finding was not supported by
5  substantial evidence, the matter is remanded to the Agency for further
6  proceedings consistent with this opinion.  *See Connett v. Barnhart*,
7  340 F.3d 871, 876 (9th Cir. 2003).

9      IT IS SO ORDERED.

11      DATED:   October   30  , 2008.

                                          /s/ Patrick J. Walsh
14                                PATRICK J. WALSH
                              UNITED STATES MAGISTRATE JUDGE

28  S:\PJW\Cases-Soc Sec\VALADEZ, D 5333\Memo_Opinion.wpd